IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDITORS TRADE ASSOCIATION, INC., | No. C-12-3110 MMC |
| Plaintiff, | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT; VACATING HEARING; DIRECTIONS TO CLERK; DIRECTIONS TO DEFENDANTS** |
| v. | |
| GLOBALWARE SOLUTIONS, INC., et al., | |
| Defendants. | |

Before the Court is defendants David I. Beatson ("Beatson") and John P. Viliesis's ("Viliesis") "Motion to Set Aside Default and Default Judgment," filed January 25, 2013. Plaintiff Creditors Trade Association, Inc. ("CTA") has filed opposition, to which Beatson and Viliesis have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for March 15, 2013, and rules as follows.

On June 15, 2012, CTA filed the instant complaint, alleging therein that defendants Globalware Solutions, Inc. and Globalware Solutions Massachusetts, Inc. (collectively, "Globalware") failed to pay to CTA's assignor the sum of $219,016.30 owed for "printing services and supplies." (See Compl. ¶¶ 9-11.) In its complaint, CTA also alleges Beatson and Viliesis are the "sole officers, sole directors and sole shareholders" of Globalware, and

asserts they are personally liable to CTA under a theory of "unjust enrichment."  (See Compl. ¶¶ 4, 24, 25.)  On September 13, 2012, the Clerk of the Court entered the defaults of Globalware, Beatson, and Viliesis, and, on October 22, 2012, the Clerk of the Court entered a default judgment in favor of CTA and against Globalware, Beatson, and Viliesis in the total sum of $248,179, which amount represents the principal of $219,016.30 plus $29,162.70 in prejudgment interest.

By the instant motion, Beatson and Viliesis seek an order setting aside the entry of default and default judgment against them because, they argue, CTA failed to properly effectuate service of process against them and, consequently, at the time of the entry of default and entry of default judgment, this Court was without personal jurisdiction over them.  See Fed. R. Civ. P. 60(b)(4) (providing judgment may be set aside where judgment is "void"); Mason v. Genisco Technology Corp., 960 F.2d 849, 851, 854 (9th Cir. 1992) (providing default judgment is "void" where plaintiff failed to serve summons and complaint "properly"); see also Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (stating rule that "federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4").

The manner of service of a summons and complaint upon an individual is set forth in Rule 4(e) of the Federal Rules of Civil Procedure, which provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

See Fed. R. Civ. P. 4(e).

Here, on June 22, 2012, CTA's counsel sent Beatson the summons and complaint by first-class certified mail, using the address "200 Ward Avenue, Haverhill, MA  01835"

(see Doc. 5), and received in response a return receipt, indicating the envelope had been received on June 29, 2012 (see Doc. 16).  The signature on the return receipt is not legible, but appears to be that of a person with a first name beginning with "M" and a last name beginning with "K" (see id.)  On June 22, 2012, CTA's counsel also sent the summons and complaint to Viliesis in the same manner and to the same address as Beatson (see Doc. 7), and received in response a return receipt with the same illegible signature (see Doc. 17).

Both Beatson and Viliesis have submitted declarations in which each states the Ward Avenue address to which CTA caused the summons and complaint to be mailed was Globalware's address (see Beatson Decl., filed January 25, 2013, ¶¶ 1, 3; Viliesis Decl., filed January 25, 2013, ¶¶ 1, 3), and that he does not recognize the signature on the return receipt and did not authorize anyone at Globalware to accept service of process on his behalf (see Beatson Decl. ¶¶ 4, 5; Viliesis Decl. ¶¶ 4, 5).  CTA fails to offer any evidence to contradict the above-referenced evidence offered by Beatson and Viliesis.  Consequently, the Court finds service of process was not accomplished under Rule 4(e)(2), as service was not made upon Beatson and Viliesis personally, at their residence, or upon an authorized agent.

The Court further finds service was not accomplished under Rule 4(e)(1).  First, under Massachusetts law, a summons and complaint must be served upon an individual "personally," at his "last and usual place of abode," or to "an agent authorized by appointment or by statute," see Mass. R. Civ. P. 4(d)(1); as discussed above, CTA did not accomplish service in any such manner.  Second, under California law, an out-of-state individual may be properly served by "airmail requiring a return receipt," if the plaintiff offers evidence sufficient to demonstrate "actual delivery to the person to be served," see Neadeau v. Foster, 129 Cal. App. 3d 234, 237 (1982) (internal quotations and citations omitted); here, however, and as stated above, CTA fails to offer any evidence to contradict Beatson and Viliesis's respective declarations, each stating he did not sign the return receipt nor authorize anyone else to do so.

3

In its opposition, CTA argues that the entry of default and default judgment nonetheless should not be set aside, for the asserted reason that Beatson and Viliegis had actual knowledge of the pendency of the instant action.  In support thereof, CTA relies on a declaration by Landon McPherson, who states he "worked with" CTA and CTA's counsel "on this matter" (see McPherson Decl., filed February 7, 2013, ¶ 1), that he discussed the complaint with Viliesis several times by telephone and email (see id. ¶¶ 3-6), and that he emailed Viliesis a copy of the complaint (see id. ¶ 8.a., Ex. A).  With respect to Beatson, CTA argues that because Beatson was Globalware's Chief Executive Officer, a "fair implication" exists that Beatson was aware of "this matter."  (See Pl.'s Opp. at 3:19-20.)

Assuming, arguendo, both Beatson and Viliesis had actual notice that CTA had filed the instant complaint prior to the entry of default and entry of default judgment, such actual notice is, in the absence of "substantial compliance with Rule 4," insufficient to establish personal jurisdiction.  See Benny, 799 F.2d at 492.  CTA has not argued, let alone shown, that its efforts at service constitute substantial compliance with Rule 4.

Accordingly, the entry of default and default judgment, as to Beatson and Viliesis, will be set aside.

**CONCLUSION**

For the reasons stated above, Beatson and Viliesis's motion is hereby GRANTED; the entry of default and entry of default judgment, as against Beatson and Viliesis, are hereby SET ASIDE, and the Clerk is hereby DIRECTED to reopen the case.

Beatson and Viliesis are hereby DIRECTED to file their response(s) to the complaint no later than March 29, 2013.

**IT IS SO ORDERED.**

Dated:  March 11, 2013

MAXINE M. CHESNEY
United States District Judge

4